

THE ATTORNEY GENERAL
OF TEXAS

July 27, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Gary Garrison                    Opinion No.  JM-933
Ector County Attorney
Ector County Courthouse, Rm. 223   Re:    Authority of a com-
Odessa, Texas  79761                       missioners court to direct
                                           the county auditor to  set
                                           up a separate bank account
                                           (RQ-1366)

Dear Mr. Garrison:

     You ask whether the commissioners court of Ector County
is  empowered  to  order  a  separate  bank  account  to  be
established for  the "Ector  County Airport  Fund,"  created
pursuant to  article 46d-11,  V.T.C.S., a  provision of  the
Municipal Airports Act.  In  our opinion, the  commissioners
court of  Ector  County may  order  the establishment  of  a
separate bank account for the airport fund.

     Article 46d-11 V.T.C.S. provides:

          The revenues  obtained by  a  municipality
     from the ownership,  control or operation  of
     any  airport  or  air  navigation   facility,
     including  proceeds  from  the  sale  of  any
     airport or portion thereof or air  navigation
     facility property,  shall be  deposited in  a
     special fund to be designated the '_____
     Airport  Fund,'  which   revenues  shall   be
     appropriated solely to, and used by the  mun-
     icipality for,  the  purposes  authorized  by
     this Act.

     The county  auditor's  authority with  respect  to  the
maintenance of  county  funds,  in  counties  under  190,000
population such as Ector County, is provided for in  section
112.001 of the Local Government Code:

          In a county with a population of less than
     190,000, the  county  auditor may  adopt  and
     enforce regulations,  not  inconsistent  with
     law or  with  a rule  adopted  under  Section

p. 4686

112.003, that the auditor considers necessary for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county.

We believe, however, that the authority given the commissioners court in section 113.004 regarding county accounts and chapter 116 of the Local Government Code regarding depositories for county funds implies that the commissioners court has authority to determine the physical location and manner of segregation of county funds such as the county airport fund created pursuant to article 46d-11.

Section 113.004 of the Local Government Code provides that the treasurer shall divide funds received into certain classes, but subsection (c) of the section provides that "[t]he commissioners court, as it considers proper, may require other accounts to be kept, creating other classes of funds." Section 116.021(a) authorizes the commissioners court to contract with one or more banks in the county for the deposit of county funds. Section 116.111 authorizes the commissioners court to "determine and designate the character and amount of county funds that will be demand deposits and that will be time deposits."

It is our opinion that the authority of the commissioners court to create classes of funds, to select county depositories, and to require separate accounts to be kept includes the authority to require a separate bank account to be established for the airport fund, as long as all applicable legal requirements are met.

We feel it appropriate to note that we are not unmindful of the continuing legal uncertainty as to the scope of the County Auditor's authority relative to that of other county officers. See, e.g., Attorney General Opinion JM-911 (1988). Nevertheless, we here conclude from a review of the statutes relevant to the issue you present that the commissioners court is authorized to order a separate bank account established for the airport fund created pursuant to V.T.C.S. article 46d-11.

You also ask whether maintenance of a "separate account" under the general county accounting system satisfies the requirement of V.T.C.S. article 46d-11 that the revenues from the municipal airport "be deposited in a special fund."

We do not conclude here that the deposit of the funds in a separate bank account is required by article 46d-11,

only that the commissioners court has the authority to require the funds to be segregated in such manner. But different county funds _may_ be placed in a _single_ bank account if proper accounting procedures are adopted to insure the funds are utilized for the correct purposes. Attorney General Opinion H-1254 (1978). See also Attorney General Opinion M-975 (1971).

### S U M M A R Y

The commissioners court of Ector County is authorized to order a separate bank account established for the airport fund created pursuant to V.T.C.S. article 46d-11. Establishment of a separate bank account for the special fund is not required if proper accounting procedures are followed.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General